## Costigan & Roll v. Sallie Gilson's Committee, et al.

(Decided December 16, 1910)

### Appeal from Campbell Circuit Court.

Appeals—Jurisdiction—Amount in Controversy Less Than $200.00—John Gilson died intestate, leaving a widow who was insane He had at his death household effects valued at $34.34, also a policy in the order of Red Men for the sum of $50.00, which was paid to the administrator. He also had a policy in the Bricklayers' Union for $150.00, which was paid to the administrator under the following provision: Whenever a member not more than three months in arrears for dues, etc., shall die the sum of $150.00 shall be paid

by the Union to the widow or other legal representative of the deceased. Costigan & Roll had a claim against the estate for burial expenses amounting to $129.00 and asserted a preferred claim against the above insurance money. The committee of the widow of the deceased claimed the entire fund as exempt from distribution or payment of debts under Section 1403 Kentucky Statutes The circuit court adjudged the $50.00 paid by the Order of Red Men to Costigan & Roll, less the cost and the $150.-00 to the widow less the cost. From this judgment Costigan & Roll appeal and the committee of the widow has taken a cross appeal. Held—The only thing in controversy on the appeal is the $150.00 collected from the Bricklayers' Union and this court is therefore without jurisdiction and the appeal is dismissed.

JOHN S. ROEBUCK, for appellant.

HOWARD M. BENTON, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Dismissing.

John Gilson died intestate, leaving surviving him his wife, who was insane. He had at his death household effects valued at $34.34; also a policy in the order of Red Men for the sum of $50.00, which was paid to the administrator in pursuance of a by-law which reads:

"The family or relatives of a deceased brother of this tribe shall be entitled to receive from the wampum of the tribe fifty fathoms ($50.00) for the funeral benefits, if he was in good standing at the time of his death."

He also had a policy in the Bricklayers Union for $150.00, which was paid to the administrator under the following provision:

"Whenever a member not more than three months in arrears for dues, etc., shall die, the sum of $150.00 shall be paid by the union to the widow or other legal representative of the deceased."

Costigan & Roll had a claim against the estate for burial expenses amounting to $229.00 and asserted a preferred claim against the above insurance money. The committee of the widow claimed the entire fund as exempt from distribution or payment of debts under section 1403 Ky. Stat. The circuit court adjudged the $50.00 paid by the Order of Red Men to Costigan & Roll, less the cost; and the $150.00 to the widow, less the cost. From this judgment Costigan & Roll appeal, and the committee of the widow has taken a cross appeal.

The only thing in controversy on the appeal is the $150.00 collected from the Bricklayers Union. By sec-

tion 950 Ky. Stat. no appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property if the value in controversy be less than $200.00 exclusive of costs. The only thing in controversy on the appeal of Costigan & Roll is $150.00. This court is, therefore, without jurisdiction and the appeal is dismised.

The thing in controversy on the cross appeal is $50.00 and as the appeal is dismissed the amount in controversy on the cross appeal is not sufficient to give the court jurisdiction.

The appeal and cross appeal are therefore dismissed.